**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN RAMMELT and CHARLES RAMMELT, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 1:18-cv-00461 |
| v. | ) ) | Judge: Jorge L. Alonso |
| TRADER JOE'S EAST, INC., and TRADER JOE'S CO., INC., | ) ) ) | Magistrate Judge: Jeffrey T. Gilbert |
| Defendants. | ) ) | |

**DEFENDANTS' TRADER JOE'S EAST, INC.'S and TRADER JOE'S CO., INC.'s,**
**ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COME Defendants, TRADER JOE'S EAST, INC and TRADER JOE'S CO., INC., , by and through attorneys, Michael J. McGowan and Thomas H. Hayden of Smith Amundsen, LLC., and in Answer to Plaintiffs' Complaint, states as follows:

**COUNT I**

1. On and before December 21, 2015, TRADER JOE'S EAST, INC. was a corporation doing business in Illinois.

**ANSWER:** Defendant TRADER JOE'S EAST, INC. admits the Allegations in Paragraph 1.

2. On or about December 21, 2015, TRADER JOE'S EAST, INC. owned a retail store commonly known as TRADER JOE'S, located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** Defendant TRADER JOE'S EAST, INC. admits the Allegations in Paragraph 2.

3. On or about December 21, 2015, TRADER JOE'S EAST, INC. operated a retail store commonly known as TRADER JOE'S, located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** Defendant TRADER JOE'S EAST, INC. admits the Allegations in Paragraph 3.

4. On or about December 21, 2015, SUSAN RAMELT [sic] was a customer at the TRADER JOE'S, lawfully on the premises located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER: Defendant TRADER JOE'S EAST, INC. admits the Allegations in Paragraph 4.**

5. At the time and place alleged, water or other liquid was allowed to unnaturally accumulate and remain on the floor of the produce section.

**ANSWER: Defendant TRADER JOE'S EAST, INC. denies the allegations in Paragraph 5.**

6. At the time and place alleged, TRADER JOE'S EAST, INC. knew or should have known about the water or other liquid that was allowed to unnaturally accumulate and remain on its premises.

**ANSWER: Defendant TRADER JOE'S EAST, INC. denies the allegations in Paragraph 6.**

7. At the time and place alleged, TRADER JOE'S EAST, INC. knew or should have known that the water or other liquid that was allowed to unnaturally accumulate and remain on its premises created a risk of harm to patrons.

**ANSWER: Defendant TRADER JOE'S EAST, INC. denies the allegations in Paragraph 7.**

8. At the time and place alleged, SUSAN RAMMELT fell because of the water or other liquid that was allowed to unnaturally accumulate and remain on the premises.

**ANSWER: Defendant TRADER JOE'S EAST, INC. denies the allegations in Paragraph 8.**

9. At the time and place alleged, SUSAN RAMMELT was injured.

**ANSWER: Defendant TRADER JOE'S EAST, INC. denies the allegations in Paragraph 9.**

10. At the time and place alleged, TRADER JOE'S EAST, INC. was negligent in one or more of the following respects:

      a.    Allowing water of other liquid to unnaturally accumulate and remain on its premises; or

      b.    Failing to properly and adequately inspect its premises; or

      c.    Failing to properly and adequately clean its premises; or

      d.    Failing to warn about an unreasonably dangerous condition on its premises.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the allegations in Paragraph 10 including the allegations set forth in sub-paragraphs (a)-(d).**

11.    As a proximate result of one or more of the foregoing negligent acts and/or omissions, SUSAN RAMMELT was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has incurred and will in the future incur expenses for medical and rehabilitative care.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the allegations in Paragraph 11.**

WHEREFORE, Defendant TRADER JOE'S EAST, INC. requests Judgment be entered in its favor or for whatever other relief this Court deems just and proper.

## COUNT II

1.    On and before December 21, 2015, TRADER JOE'S CO., INC. was a corporation doing business in Illinois.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 1.**

2.    On or about December 21, 2015, TRADER JOE'S CO., INC. owned a retail store commonly known as TRADER JOE'S, located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 2.**

On or about December 21, 2015, TRADER JOE'S CO., INC. operated a retail store commonly known as TRADER JOE'S, located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

3

**ANSWER:** Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 3.

4. On or about December 21, 2015, SUSAN RAMELT [sic] was a customer at the TRADER JOE'S, lawfully on the premises located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 4.

5. At the time and place alleged, water or other liquid was allowed to unnaturally accumulate and remain on the floor of the produce section.

**ANSWER:** Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 5.

6. At the time and place alleged, TRADER JOE'S CO., INC. knew or should have known about the water or other liquid that was allowed to unnaturally accumulate and remain on its premises.

**ANSWER:** Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 6.

7. At the time and place alleged, TRADER JOE'S CO., INC. knew or should have known that the water or other liquid that was allowed to unnaturally accumulate and remain on its premises created a risk of harm to patrons.

**ANSWER:** Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 7.

8. At the time and place alleged, SUSAN RAMMELT fell because of the water or other liquid that was allowed to unnaturally accumulate and remain on the premises.

**ANSWER:** Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 8.

9. At the time and place alleged, SUSAN RAMMELT was injured.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 9.**

10. At the time and place alleged, TRADER JOE'S CO., INC. was negligent in one or more of the following respects:

    a. Allowing water of other liquid to unnaturally accumulate and remain on its premises; or

    b. Failing to properly and adequately inspect its premises; or

    c. Failing to properly and adequately clean its premises; or

    d. Failing to warn about an unreasonably dangerous condition on its premises.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 10 including the allegations set forth in sub-paragraphs (a)-(d).**

11. As a proximate result of one or more of the foregoing negligent acts and/or omissions, SUSAN RAMMELT was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has incurred and will in the future incur expenses for medical and rehabilitative care.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the allegations in Paragraph 11.**

WHEREFORE, Defendant TRADER JOE'S CO., INC. requests Judgment be entered in its favor or for whatever other relief this Court deems just and proper.

## COUNT III

1. On and before December 21, 2015, TRADER JOE'S EAST, INC. was a corporation doing business in Illinois.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. admits the Allegations in Paragraph 1.**

2. On or about December 21, 2015, TRADER JOE'S EAST, INC. owned a retail store commonly known as TRADER JOE'S, located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. admits the Allegations in Paragraph 2.**

3. On or about December 21, 2015, TRADER JOE'S EAST, INC. operated a retail store commonly known as TRADER JOE'S, located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. admits the Allegations in Paragraph 3.**

4. On or about December 21, 2015, SUSAN RAMELT [sic] was a customer at the TRADER JOE'S, lawfully on the premises located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. admits the Allegations in Paragraph 4.**

5. At the time and place alleged, water or other liquid was allowed to unnaturally accumulate and remain on the floor of the produce section.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the Allegations in Paragraph 5.**

6. At the time and place alleged, TRADER JOE'S EAST, INC. knew or should have known about the water or other liquid that was allowed to unnaturally accumulate and remain on its premises.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the Allegations in Paragraph 6.**

7. At the time and place alleged, TRADER JOE'S EAST, INC. knew or should have known that the water or other liquid that was allowed to unnaturally accumulate and remain on its premises created a risk of harm to patrons.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the Allegations in Paragraph 7.**

8. At the time and place alleged, SUSAN RAMMELT fell because of the water or other liquid that was allowed to unnaturally accumulate and remain on the premises.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the Allegations in Paragraph 8.**

9. At the time and place alleged, SUSAN RAMMELT was injured.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the Allegations in Paragraph 9.**

10. At the time and place alleged, TRADER JOE'S EAST, INC. was negligent in one or more of the following respects:

    a. Allowing water of other liquid to unnaturally accumulate and remain on its premises; or

    b. Failing to properly and adequately inspect its premises; or

    c. Failing to properly and adequately clean its premises; or

    d. Failing to warn about an unreasonably dangerous condition on its premises.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the Allegations in Paragraph 10 including the Allegations set forth in sub paragraphs (a)-(d).**

11. As a proximate result of one or more of the foregoing negligent acts and/or omissions, SUSAN RAMMELT was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has incurred and will in the future incur expenses for medical and rehabilitative care.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the Allegations in Paragraph 11.**

12. At all times alleged, CHARLES RAMMELT was the spouse of SUSAN RAMMELT.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. is unable to answer the Allegations in Paragraph 12 because it lacks sufficient knowledge and information.**

13. As a proximate result of one or more of the foregoing neglect acts or omissions CHARLES RAMMELT has been deprived of the society, companionship and support of his wife SUSAN RAMMELT.

**ANSWER:** **Defendant TRADER JOE'S EAST, INC. denies the Allegations in Paragraph 13.**

WHEREFORE, Defendant TRADER JOE'S EAST, INC. requests Judgment be entered in its favor or for whatever other relief this Court deems just and proper.

## COUNT IV

1. On and before December 21, 2015, TRADER JOE'S CO., INC. was a corporation doing business in Illinois.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 1.**

2. On or about December 21, 2015, TRADER JOE'S CO., INC. owned a retail store commonly known as TRADER JOE'S, located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 2.**

3. On or about December 21, 2015, TRADER JOE'S CO., INC. operated a retail store commonly known as TRADER JOE'S, located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 3.**

4. On or about December 21, 2015, SUSAN RAMELT [sic] was a customer at the TRADER JOE'S, lawfully on the premises located at 1407 Waukegan Road in Glenview, Cook County, Illinois.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 4.**

5. At the time and place alleged, water or other liquid was allowed to unnaturally accumulate and remain on the floor of the produce section.

**ANSWER:** **Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 5.**

6. At the time and place alleged, TRADER JOE'S CO., INC. knew or should have known about the water or other liquid that was allowed to unnaturally accumulate and remain on its premises.

**ANSWER: Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 6.**

7. At the time and place alleged, TRADER JOE'S CO., INC. knew or should have known that the water or other liquid that was allowed to unnaturally accumulate and remain on its premises created a risk of harm to patrons.

**ANSWER: Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 7.**

8. At the time and place alleged, SUSAN RAMMELT fell because of the water or other liquid that was allowed to unnaturally accumulate and remain on the premises.

**ANSWER: Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 8.**

9. At the time and place alleged, SUSAN RAMMELT was injured.

**ANSWER: Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 9.**

10. At the time and place alleged, TRADER JOE'S CO., INC. was negligent in one or more of the following respects:

    a. Allowing water of other liquid to unnaturally accumulate and remain on its premises; or

    b. Failing to properly and adequately inspect its premises; or

    c. Failing to properly and adequately clean its premises; or

    d. Failing to warn about an unreasonably dangerous condition on its premises.

**ANSWER: Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 10 including those Allegations set forth in sub paragraphs (a)-(d).**

11. As a proximate result of one or more of the foregoing negligent acts and/or omissions, SUSAN RAMMELT was injured; has endured and will in the future endure pain and

suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has incurred and will in the future incur expenses for medical and rehabilitative care.

**ANSWER: Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 11.**

12. At all times alleged, CHARLES RAMMELT was the spouse of SUSAN RAMMELT.

**ANSWER: Defendant TRADER JOE'S CO., INC. is unable to answer the allegations set forth in Paragraph 11 because it lacks sufficient knowledge and information.**

13. As a proximate result of one or more of the foregoing neglect acts or omissions CHARLES RAMMELT has been deprived of the society, companionship and support of his wife SUSAN RAMMELT.

**ANSWER: Defendant TRADER JOE'S CO., INC. denies the Allegations in Paragraph 13.**

WHEREFORE, Defendant requests Judgment be entered in its favor or for whatever other relief this Court deems just and proper.

Dated: January 28, 2018            Respectfully submitted,

SMITHAMUNDSEN LLC

By: */s/ Thomas H. Hayden*
    One of the attorneys for defendants

Michael J. McGowan, ARDC #: 6199089
mmcgowan@salawus.com
Thomas H. Hayden, ARDC #: 6296701
thayden@salawus.com
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
312.894.3200 -- Telephone
312.894.3210 -- Fax